IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALEJANDRO MORALES-VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-031 |
| | ) | |
| MS. WALKER, Correctional Officer; | ) | |
| MS. KIRKLAND, Correctional Officer; | ) | |
| RICO STUCKEY, Unit Manager; | ) | |
| APRIL PARKER, Case Manager; | ) | |
| MS. GEMBLER, Unit Manager; | ) | |
| JOHN DOE 1, Administrative Remedies | ) | |
| Coordinator; and JOHN DOE 2, | ) | |
| Administrative Remedies Coordinator, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), filed a *pro se* complaint concerning events alleged to have occurred at McRae Correctional Facility in McRae, Georgia ("MCF"), as well as at USP Atlanta. As the authority to maintain custody of federal prisoners is one created by federal law and reserved to the federal government, the Court construes Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.   SCREENING THE COMPLAINT

### A.   BACKGROUND

Plaintiff names the following Defendants: (1) Ms. Walker, Correctional Officer at MCF; (2) Ms. Kirkland, Correctional Officer at MCF; (3) Rico Stuckey, Unit Manager at MCF; (4) April Parker, Case Manager at MCF; (5) Ms. Gembler, Unit Manager at USP; (6) John Doe 1, Southeast Regional Administrative Remedies Coordinator; and (7) John Doe 2, Central Office Administrative Remedies Coordinator. (See doc. no. 1, pp. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

From approximately June 2015 through May 2017, Plaintiff was incarcerated at MCF, a private institution owned by Core Civic and "governed by" the Federal Bureau of Prisons. (Doc. no. 1, p. 7, 28.) Throughout this time, and as he moved between various housing units, Plaintiff was the subject of a nearly constant barrage of sexual harassment and voyeurism by Defendants Walker, Kirkland, Stuckey, and Parker. These four Defendants, either alone or working in concert with each other, would make it their goal to "intentionally arouse plaintiff with unwelcome sexual advances and proposals stating, "Make it Happen." (See, e.g., id. at 9, 14, 21.) Not only would these Defendants arrange to be alone with Plaintiff to carry out their sexual harassment, but when Plaintiff attempted to complain or move to a different housing unit, Defendants would try to place blame on Plaintiff by "playing the victim," labeling Plaintiff as a snitch, threatening to take away his job as an orderly, and/or unfairly raising his Classification

Status. (See, e.g., id. at 16, 18, 21, 29.) As summarized by Plaintiff, "[He] suffer[ed] a lot of sexual harassment by staff." (Id. at 19.)

Eventually, Plaintiff transferred to USP Atlanta in June of 2017. (Id. at 32.) When Plaintiff attempted to write administrative grievances about the sexual harassment at MCF, Defendant Gembler gave Plaintiff incorrect advice about the grievance procedure and then threatened to "lock-up" Plaintiff if he kept "bothering her for a response" to his administrative activities. (Id. at 33.) Likewise, Defendants John Doe 1 and 2 improperly rejected his Southeast Regional and Central Office grievances. (Id. at 34.) These "devious actions" of misadvising Plaintiff and denying his grievances precluded Plaintiff from petitioning the government for redress of his grievances. (Id. at 35.)

Defendant requests all Defendants be held jointly and severally liable for an unspecified amount of compensatory damages, as well as $350 in punitive damages and $700 in attorney's fees. (Id. at 40.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2. Plaintiff Fails to State a Claim against Defendants Walker, Kirkland, Stuckey, or Parker Because Monetary Damages Are Not Available from Employees of Private Prisons.**

With respect to these four Defendants, all of whom work at MCF, the threshold question arises as to whether liability under Bivens may extend to individual employees of

4

privately operated prisons.[1]  The applicable Eleventh Circuit and Supreme Court case law make clear that it may not.  In Alba v. Montford, 517 F.3d 1249, 1254-56 (11th Cir. 2008) and Minneci v. Pollard, 565 U.S. 118, 131 (2012), the courts held that a federal prisoner like Plaintiff who seeks damages from private employees working at a privately operated prison may not proceed with a federal case for damages under Bivens.  In both Alba and Minneci, *supra*, the plaintiffs sought monetary damages, and the courts determined that a Bivens remedy could not be implied.  Alba, 517 F.3d at 1254-56; Minneci, 565 U.S. at 131.

As Plaintiff seeks only monetary damages from these four Defendants, he fails to state a federal claim against them upon which relief can be granted.

### 3. Plaintiff's Claims Against Defendants Gembler and John Does 1 and 2 Should Be Dismissed for Improper Venue.

Plaintiff's remaining claims all occurred once he transferred to USP Atlanta, located in the Northern District of Georgia.  The applicable venue statute provides:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Because Plaintiff bases his claims against these Defendants exclusively on federal question jurisdiction and does not attempt to raise any state law claims based on diversity jurisdiction, the Court likewise confines its analysis herein.  See Phillips v. Smith, 429 F. App'x 905, 908 (11th Cir. 2011) (*per curiam*).

As discussed in Part I(B)(2), Plaintiff has not alleged a viable federal claim against any Defendant residing in the Southern District of Georgia. Moreover, none of the events giving rise to his claims against Defendants Gembler, John Doe 1, or John Doe 2 occurred in the Southern District of Georgia. The claims against these three Defendants accrued once Plaintiff transferred to Atlanta USP in the Northern District of Georgia. Therefore, venue for any claims against these three Defendants is improper in the Southern District of Georgia.

"The district court of a district in which is filed a case laying venue in the wrong division of district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[T]he decision whether to transfer a case is left to the sound discretion of the district court." Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982). The Supreme Court has explained § 1406(a) was enacted to "avoid[] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). However, "[w]hile as a general matter, a transfer of the case is favored over a dismissal, dismissal is appropriate where the plaintiff's claims have obvious substantive problems." Taylor v. Forsyth, CV 215-106, doc. no. 15, p. 5 (S.D. Ga. Jan. 5, 2016) (citation omitted), *adopted by* 2016 WL 1060315 (S.D. Ga. Mar. 14, 2016), *aff'd*, 713 F. App'x 843, 845 (11th Cir. 2017) (*per curiam*).

Here, Plaintiff's claims against the three Defendants located in the Northern District of Georgia have "obvious substantive problems." First, to the extent Plaintiff may be attempting to complain these three Defendants have not followed prison regulations

6

regarding the manner in which his administrative remedies were processed, a valid § 1983 claim is stated when a violation of the Constitution or federal law occurs, not when there is violation of an administrative regulation.[2]  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CV 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Accordingly, Plaintiff fails to state a claim for failure to follow the regulations on processing administrative remedies.

Second, to the extent Plaintiff may be attempting to state a claim for denial of access to the courts based on a failure to properly process his administrative remedies, that too, fails. To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement.  Wilson v. Blankenship, 163 F.3d 1284,

---

[2] Section 1983 incorporates into analogous Bivens actions.  Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011) (*per curiam*).

1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91.  Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)).

    Here, Plaintiff has provided no details about any legal proceedings, let alone proceedings of a nonfrivolous nature, that have been hampered, denied, or dismissed.  Moreover, he was clearly able to file his claims against the MCF Defendants as evidenced by this lawsuit, and the recommendation for dismissal is not based on an inability to exhaust administrative remedies, but rather, as explained above, because monetary damages are not available from employees of private prisons in a Bivens action such as this one.  As Plaintiff fails to specify any actual injury to a nonfrivolous legal action caused by any Defendant, he fails to state a viable claim for denial of his right to access the courts against the three Defendants in the Northern District of Georgia.

    Because of these "obvious substantive problems" with Plaintiff's claims against the three Defendants located in the Northern District of Georgia, the Court should dismiss, rather than transfer, these claims.[3]

---

[3] A district court may *sua sponte* dismiss a case for lack of venue so long as the parties have an opportunity to present their views, Algodonera De Las Cabezas, S.A. v. Am. Suisse Captial, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005), which Plaintiff will have an opportunity to do by virtue of having the opportunity to object to this recommendation for dismissal.  See Taylor v. Forsyth,

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, as well as improper venue, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

713 F. App'x 843, 844 n.3 (11th Cir. 2017) (*per curiam*) (citing Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001)).