FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 AUG 23 PM 2: 05
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALEJANDRO MORALES-VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-031 |
| | ) | |
| MS. WALKER, Correctional Officer; | ) | |
| MS. KIRKLAND, Correctional Officer; | ) | |
| RICO STUCKEY, Unit Manager; | ) | |
| APRIL PARKER, Case Manager; | ) | |
| MS. GEMBLER, Unit Manager; | ) | |
| JOHN DOE 1, Administrative Remedies | ) | |
| Coordinator; and JOHN DOE 2, | ) | |
| Administrative Remedies Coordinator, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended dismissal of the entire case for failure to state a claim upon which relief can be granted. (See doc. no. 8.) As to the Defendants located at McRae Correctional Facility, the Magistrate Judge explained monetary damages, as sought by Plaintiff, are not available from employees of private prisons. (See id. at 4-5 (citing Minneci v. Pollard, 565 U.S. 118, 131 (2012) and Alba v. Montford, 517 F.3d 1249, 1254-56 (11th Cir. 2008).) Venue was improper as to the three remaining Defendants because the events of which Plaintiff complained concerning these individuals occurred once Plaintiff transferred

to USP Atlanta, located in the Northern District of Georgia. The Magistrate Judge declined to recommend transferring the claims related to the Northern District Defendants because of "obvious substantive problems." (Doc. no. 8, pp. 6-8.)

In lieu of objections, Plaintiff filed a motion to amend the complaint to attempt to cure certain deficiencies identified by the Magistrate Judge concerning only Defendants located in the Northern District. (See doc. no. 10.) Because no Defendant has been served, let alone filed a responsive pleading to the original complaint, Plaintiff is entitled to amend once as a matter of course pursuant to Fed. R. Civ. P. 15. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (finding plaintiff must be given one chance to amend prior to dismissal). Notably, however, Plaintiff's proposed amendment deals only with activities alleged to have occurred in Atlanta, Georgia. (See doc. no. 10.)

Plaintiff offers nothing in opposition to the conclusion that he fails to state a claim for relief against any Defendant located in the Southern District. The Court agrees with the Magistrate Judge's conclusion on this point. As to the Defendants named for their alleged activities in the Northern District, the Court modifies the recommendation as follows. As recently explained by the Eleventh Circuit, the Court has no discretion to deny a prisoner's motion to amend on futility grounds if the prisoner plaintiff is attempting to amend for the first time, as of right. See Hoke v. Lyle, 716 F. App'x 930, 931 (11th Cir. 2018) (*per curiam*) (citing Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007)). Therefore, rather than dismissing Plaintiff's claims arising in the Northern District, the Court will transfer those claims to the Northern District of Georgia. See 28 U.S.C. § 1406.

2

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion and **DISMISSES** from this case Defendants Walker, Kirkland, Stuckey, and Parker. Any claims against Defendants Gembler, and John Does 1 and 2, along with any viable claims raised in the motion to amend, shall be transferred to the Atlanta Division of the Northern District of Georgia. See 28 U.S.C. § 1406(a). Upon dismissal of Defendants Walker, Kirkland, Stuckey, and Parker, the Court **DIRECTS** the Clerk to forward the file to the Northern District of Georgia.

SO ORDERED this 23rd day of August, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE